UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES REEDOM                                    CIVIL ACTION

VERSUS                                          NO. 10-375

O'NEAL JONES, JR.                               SECTION  "I" (3)

## ORDER

Before the Court is the Rule 12(e) Motion for More Definite Statement on Behalf of Defendant, O'Neal Jones, Jr. [Doc. #29].  For the following reasons, the Court grants the motion.

## I.      Background

Reedom sued Jones on February 18, 2010.  This is a purported class action.  Jones filed a motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e) on April 2, 2010.  [Doc. #8].  The District Court granted the unopposed motion on May 5, 2010.  [Doc. #9].  Reedom then moved for a default judgment against Jones, which the Clerk of Court denied, ordering Reedom to respond to the District Court's order granting the motion for more definite statement.  [Doc. #18].

While Reedom challenged the grant of the motion for more definite statement, he filed an amended complaint on May 26, 2010.  [Doc. #21].  Jones has now filed a second motion for more definite statement.  [Doc. #29].  Reedom filed responses to the second motion, which the Clerk of Court marked deficient.  [Doc. ##30, 35 & 36].  Notwithstanding the deficiencies, and given

plaintiff's pro se status, this Court has reviewed the responses and finds that they never address the second motion for more definite statement. The responses only address the motion to dismiss now pending before the District Court. Jones's second motion for more definite statement is thus essentially unopposed.

## II. Law and Analysis

A district court will grant a motion for a more definite statement pursuant to Rule 12(e) when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The motion must state the defects in the pleading and the details desired. *See id.* A party, however, may not use a Rule 12(e) motion as a substitute for discovery. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). Given the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored. *See Mitchell*, 269 F.2d at 132; *Gibson v. Deep Delta Contractors, Inc.*, No. Civ. A. 97-3791, 2000 WL 28174, *6 (E.D. La. Jan. 14, 2000). At the same time, the Supreme Court has noted that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). In deciding whether to grant a Rule 12(e) motion, the trial judge is given considerable discretion. *Newcourt Leasing Corp. v. Regional Bio-Clinical Lab, Inc.*, No. Civ. A. 99-2626, 2000 WL 134700, *1 (E.D. La. Feb. 1, 2000).

Jones argues that Reedom's allegations are ambiguous and do not set forth sufficient information to allow him to frame an adequate responsive pleading. Jones contends that plaintiff sets forth only "bare bones" allegations and broad statements. Jones argues that the Court can not even determine the basis of its subject-matter jurisdiction over this suit from the bare allegations of Reedom's complaint. Jones also argues that plaintiff has wholly failed to plead fraud with

2

particularity in compliance with Rule 9(b).

Here, plaintiff alleges only that acting in his capacity as a lawyer, Jones engaged in a conspiracy to "defraud and real the estate of Marshal and Dorothy Reedom for selfish reasons." [Doc. #21 at p. 2].    While Reedom alleges that Jones and his relatives built an improper embankment on the property of the estate of the late Marshall and Dorothy Reedom, no other allegations concerning a conspiracy are forthcoming.   Reedom broadly alleges that Jones encouraged his relatives to participate in the conspiracy and misled others in the conspiracy.    Reedom also alleges fraud.

From these allegations, this Court can not determine of what the conspiracy consisted. Neither can the Court determine fraud from the one-word allegations of "fraud."   The Court does not even know what property is at issue.  If the Court can not determine the answers to these issues, neither can Jones.  All that Reedom's allegations do is put Jones on notice that he participated in some kind of conspiracy.  While the Court recognizes the lenient pleading standard under Rule 8, such a bare-bones allegation fails to put Jones on notice of anything.  As stated in *Bitte v. United Cos. Lending Corp.*, Reedom should "briefly explain who, what, when, where, why, and how" regarding Jones's alleged wrongdoings that led to Reedom's alleged loss. No. Civ. A. 06-5648, 2006 WL 3692754, * 1 (E.D. La. Dec. 11, 2006).   Accordingly,

**IT IS ORDERED** that the Rule 12(e) Motion for More Definite Statement on Behalf of Defendant, O'Neal Jones, Jr. [Doc. #29] is GRANTED.   Plaintiff shall file an amended complaint **no later than seven (7) days of the date of this Order**.

New Orleans, Louisiana this 22nd day of November, 2010.

3

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**